IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE ANDERSON, #156270, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) CASE NO. 2:22-CV-158-RAH-KFP |
| FERNETTA RILEY, et al., | ) ) ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Michael Dewayne Anderson initiated this pro se 42 U.S.C. § 1983 action on March 30, 2022.[1] *See* Doc. 1. Upon screening the Complaint, the Court issued an Order directing Plaintiff to file an amended complaint by September 1, 2022. Doc. 9. The Court specifically cautioned Plaintiff that his failure to file an amended complaint as directed would result in a recommendation that this case be dismissed. *Id.* at 5. However, three weeks have passed since the September 1 deadline, and Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order.

Because Plaintiff has failed to comply with the Court's Order, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion")

---

[1] Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Garvey v. Vaughn*, 993 F.2d 776, 783 (1993). Absent evidence to the contrary, the Court must "assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

(citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff has failed to comply with the Court's Order despite the Court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, by **October 7, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by

the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of September, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE